UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASRAR ZEYNU SIRAJ,<br><br>Petitioner,<br><br>v.<br><br>MARYKWAYNE MULLIN, et al.,<br><br>Respondents. | Case No.:  26v2091-LL-DEB<br><br>**ORDER DENYING MOTION TO ENFORCE COURT ORDER**<br><br>[ECF No. 12] |

Before the Court is Petitioner Asrar Zeynu Siraj's Motion to Enforce Court Order. ECF No. 12. Respondents filed a response opposing the motion [ECF No. 15], and Petitioner filed a reply [ECF No. 17]. For the reasons set forth below, the Court **DENIES** the Motion.

On April 22, 2026, this Court granted Petitioner's Petition for Writ of Habeas Corpus and ordered an individualized bond hearing before an immigration judge ("IJ"). ECF No. 10. On April 29, 2026, IJ Stuart Zander held a bond hearing and denied bond, finding Petitioner to be a flight risk. ECF No. 12 at 7, 21. Specifically, the IJ found that the government had met its burden based on the limited avenue of immigration relief and minimal ties to the United States. On May 13, 2026, Petitioner filed the instant motion arguing that the IJ did not comply with this Court's April 22, 2026 order because the IJ did

not consider any alternative conditions of release like the ICE Alternatives to Detention ("ATD") program. ECF No. 12 at 1–2.

However, this Court's order stated: "The immigration judge shall consider alternative conditions of release and Petitioner's ability to pay bond *if he determines bond is appropriate*." ECF No. 10 (emphasis added). Here, the IJ determined that bond is not appropriate, so the IJ did not have to consider alternative conditions of release.

Moreover, there is no other basis for this Court to enforce its judgment. While federal courts have "inherent power to enforce its judgments" (*Peacock v. Thomas*, 516 U.S. 349, 356 (1996)), the district court reviews an immigration custody determination in habeas proceedings under an abuse of discretion standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024) ("When questions require a close review of agency-found facts, like the 'dangerousness' determination [in an immigration custody hearing], we review for an abuse of discretion."). In doing so, the court "cannot reweigh evidence but can only determine whether the [IJ] applied the correct legal standard." *Id.* at 785 (cleaned up). Nowhere in his Motion or Reply does Petitioner argue that the IJ applied the incorrect legal standard or assert some violation of his constitutional rights. He seemingly disagrees with the IJ's decision based on his view of the evidence, but this Court cannot reweigh evidence.

Accordingly, the Court **DENIES** Petitioner's Motion to Enforce Court Order.

**IT IS SO ORDERED**.

Dated:  June 1, 2026

_____
Honorable Linda Lopez
United States District Judge

26cv2091-LL-DEB